UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS CAMILLO RENTERIA LOPEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JAMES KEY,<br><br>　　　　　　Respondent. | 4:16-CV-05157-SAB<br><br>4:16-CV-05156-SAB<br><br>**ORDER STRIKING RENEWED MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION TO RECONSIDER, CONSOLIDATING CASE NUMBERS 4:16-CV-05156-SAB AND 4:16-CV-05157-SAB, AND DIRECTING RETURN OF EXHIBIT** |

　　　By Order filed February 6, 2017, the Court instructed Mr. Lopez to show cause why this action should not be consolidated with Petitioner's prior habeas petition, 4:16-CV-05156-SAB, ECF No. 6. Petitioner, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and the filing fee has been paid.

### STRIKING MOTION FOR APPOINTMENT OF COUNSEL

　　　On February 8, 2017, Petitioner submitted a Motion for Appointment of Counsel with accompanying attachments totaling 879 pages, ECF No. 7. The document was unsigned. Petitioner has remedied this deficiency, ECF No. 11.

**ORDER . . . -- 1**

Nevertheless, Fed. R. Civ. P. 8(d), requires that pleadings be simple concise and direct. The Court finds that Petitioner's submissions violate this Rule. Based on the Court's inherent authority to manage its own docket, *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"), **IT IS ORDERED** Plaintiff's Motion, ECF No. 7, is **STRICKEN.**

## MOTION TO RECONSIDER

On February 9, 2017, Petitioner filed a document labeled, "Motion to Reconsider Motion to Grant Counsel and Sever Case from Case 4:16-CV-05156-SAB, Showing Cause Why Case 4:16-CV-05157-SAB Should be Granted." ECF No. 8. The Court liberally construes this Motion as a Motion for Revision pursuant to Fed. R. Civ. P. 54(b).

Under Rule 54(b), any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court finds no basis for revising the prior Order.

Once again, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191 (9th Cir. 1986); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). The Court has discretion to appoint counsel when "the interests of justice so requires," 18 U.S.C. § 3006A(a)(2)(B), and the finds that Petitioner has not made the necessary showing for appointment of counsel at this time.

As for Petitioner's contentions that his two pending habeas petitions should remain separate, the Court finds no authority for the simultaneous maintenance of two separate habeas petitions challenging the same conviction. The law of this Circuit is that when a new habeas petition is filed before the adjudication of a prior

**ORDER . . . -- 2**

1  habeas petition is complete, the new petition should be construed as a motion to
2  amend the pending petition. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).
3  Therefore, **IT IS ORDERED** Petitioner's Motion, ECF No. 8, is **DENIED** and
4  this action shall be consolidated with 4:16-CV-05156-SAB, with the Petition in
5  this case, ECF No. 5, filed as a Motion to Amend in 4:16-CV-05156-SAB.

### EXHIBITS

Exhibits should not be submitted with a petition. Instead, the relevant information contained in an exhibit should be paraphrased in the petition. Petitioner should keep his exhibits to use to support or oppose a motion for summary judgment or a motion to dismiss, or for use at trial.

Many of the "Exhibits" Petitioner submitted on February 8, 2017, as attachments to his Motion for Appointment of Counsel, ECF No. 8, are copies of Orders issued by the Ninth Circuit Court of Appeals and other Federal District Courts, as well as documents he has received in other actions or previously submitted in this and other actions. These types of documents should **not** be re-filed.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." FED. R. CIV. P. 8(a) (2). A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). These Rules are equally applicable to habeas petitions brought in federal court. *See* FED. R. CIV. P. 81(a)(4). The Court will not scour hundreds and hundreds of pages of exhibits in search of claims Petitioner has not clearly and concisely presented.

The Court has already directed that Petitioner's Motion, ECF No. 8, be stricken and it would be ineffectual to "return" electronically submitted documents.

**ORDER . . . --** 3

No further action will be taken regarding the Exhibits presented on February 8, 2017.

On February 28, 2017, the Court received a Compact Disc on which a 911 call is purportedly recorded. A Federal District Court is not a repository for non-scannable exhibits. Therefore, the Clerk of Court is **DIRECTED** to return this item to the address listed on the transmittal envelope received on February 28, 2017. If the Court determines, at some later date, that this item is necessary to adjudicate Petitioner's habeas matter, Petitioner will be directed to provide it.

## SUMMARY OF ORDER

**IT IS HEREBY ORDERED:**

1. The Clerk of Court shall **STRIKE** Petitioner's renewed Motion for Appointment of Counsel, ECF No. 7, for non-compliance with Federal Rules of Civil Procedure.
2. Petitioner's Motion for Reconsideration, construed as a Motion for Revision, ECF No. 8, is **DENIED.**
3. The Clerk of Court shall **CONSOLIDATE** this cause number 4:16-CV-05157-SAB, with cause number 4:16-CV-05156, and **FILE,** nunc pro tunc, the Petition filed in cause number 4:16-CV-05157-SAB, ECF No. 5, as a Motion to Amend in cause number 4:16-cv-05156, and **NOTE IT FOR HEARING.**
4. The Clerk of Court **SHALL RETURN** the CD received on February 28, 2017, ECF No. 12, to the sender noted on the transmittal envelope, ECF No. 12-1.
5. Petitioner shall file no further "Exhibits" with the Court unless explicitly directed by the Court to do so.

//
//
//

**ORDER . . . --** 4

6. The Clerk of Court shall **FILE** copies of this Order in this action and in cause number 4:16-CV-05156, **PROVIDE** a copy to Petitioner and **ADMINISTRATIVELY CLOSE** this file.

7. Petitioner shall file no further documents in this file, 4:16-CV-05157-SAB.

**DATED** this 3rd day of April, 2017.



_____
Stanley A. Bastian
United States District Judge

**ORDER . . . --** 5